# United States Court of Appeals
## For the Eleventh Circuit

No. 02-15545

District Court Docket No.
01-00068-CV-WCO-2

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 20, 2003

THOMAS K. KAHN
CLERK

COLEMAN JACKSON,

> Petitioner-Appellant-
> Cross-Appellee,

versus

STATE BOARD OF PARDONS AND PAROLES,
DEPARTMENT OF OFFENDER REHABILITATION
OF THE STATE OF GEORGIA,

> Respondents-Appellees-
> Cross-Appellants.

---

Appeals from the United States District Court
for the Northern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 1 4 2003
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: May 20, 2003
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

JACKSON v. STATE BD. OF PARDONS AND PAROLES          2342

Coleman JACKSON, Petitioner–
Appellant–Cross–Appellee,

v.

STATE BOARD OF PARDONS AND PA-
ROLES, Department of Offender Reha-
bilitation of the State of Georgia, Re-
spondents–Appellees–Cross–Appellants.

No. 02–15545.

United States Court of Appeals,
Eleventh Circuit.

May 20, 2003.

State prisoner who had successfully pur-
sued civil rights action challenging denial of
parole hearing filed motion for award of at-
torney fees, which the United States District
Court for the Northern District of Georgia,
No. 01-00068-CV-WCO-2, William C. O'Kel-
ley, J., granted in part and denied in part.
Both sides appealed. The Court of Appeals,
Wilson, Circuit Judge, held that: (1) phrase
"any action brought by a prisoner," as used
in section of the Prison Litigation Reform
Act (PLRA) restricting the attorney fee
awards that are authorized under civil rights
statute in "any action brought by a prisoner,"
encompasses all lawsuits filed by a prisoner,
and is not restricted to suits challenging
prison conditions; (2) statute was rationally
related to government interest in decreasing
number of marginal or trivial lawsuits filed
by prisoners, and did not violate prisoner's
equal protection rights; and (3) statutory lan-
guage was sufficiently broad to permit fees
on fees.

Affirmed.

Synopsis, Syllabi and Key Number Classification
COPYRIGHT © 2003 by WEST GROUP

The Synopsis, Syllabi and Key Number Classifi-
cation constitute no part of the opinion of the court.

1. Federal Courts ⇨776

Court of Appeals reviews *de novo* dis-
trict court's conclusions on issues of statutory
interpretation.

2. Civil Rights ⇨300

Phrase "any action brought by a prison-
er," as used in section of the Prison Litiga-
tion Reform Act (PLRA) restricting the at-
torney fee awards that are authorized under
civil rights statute in "any action brought by
a prisoner," encompasses all lawsuits filed by
a prisoner, and is not restricted to suits
challenging prison conditions.   42 U.S.C.A.
§ 1988(b); Civil Rights of Institutionalized
Persons Act, § 7(d)(1), as amended, 42
U.S.C.A. § 1997e(d)(1).

> See publication Words and Phrases
> for other judicial constructions and def-
> initions.

3. Statutes ⇨188

Process of legislative interpretation
should always begin, and should often end,
with words of statutory provision.

4. Statutes ⇨217.1

When import of words that Congress
has used is clear, court need not resort to
legislative history, and certainly should not
do so to undermine plain meaning of statuto-
ry language.

5. Statutes ⇨188

Where statutory terms are not defined
in statute, court looks to the common usage
of terms for their meaning.

6. Statutes ⇨209

Normally, identical words that appear in
various parts of same act are meant to have
same meaning.

2343      JACKSON v. STATE BD. OF PARDONS AND PAROLES

**7. Federal Courts ⊙776**

Court of Appeals reviews district court's conclusions on questions regarding the constitutionality of federal statute *de novo*.

**8. Civil Rights ⊙103**

**Constitutional Law ⊙248(1)**

Section of the Prison Litigation Reform Act (PLRA) restricting the attorney fee awards that are authorized under civil rights statute in "any action brought by a prisoner" did not regulate any suspect class nor, as to prisoner who had successfully litigated his civil rights claims to final judgment in his favor, impinge on any fundamental rights, and would be upheld on equal protection challenge as rationally related to government interest in decreasing number of marginal or trivial lawsuits filed by prisoners. U.S.C.A. Const.Amend. 5; 42 U.S.C.A. § 1988(b); Civil Rights of Institutionalized Persons Act, § 7(d)(1), as amended, 42 U.S.C.A. § 1997e(d)(1).

**9. Constitutional Law ⊙48(6), 213.1(1, 2)**

Generally, legislation is presumed to be valid and will be upheld from equal protection challenge if classification drawn by statute is rationally related to legitimate governmental interest; however, level of scrutiny is heightened if a fundamental right or suspect class is involved. U.S.C.A. Const.Amends. 5, 14.

**10. Constitutional Law ⊙250.3(2)**

Prisoners are not suspect class, for equal protection purposes. U.S.C.A. Const. Amends. 5, 14.

**11. Constitutional Law ⊙328**

Prisoners have constitutional right of access to the courts.

**12. Constitutional Law ⊙42.2(1)**

While prisoners have constitutional right of access to the courts, they do not have standing to seek redress for violation of this right unless they can show some actual injury, by demonstrating that a nonfrivolous legal claim has been frustrated or impeded.

**13. Constitutional Law ⊙42.2(2)**

Prisoner who, despite statutory restrictions upon his ability to obtain award of prevailing party attorney fees, had secured legal counsel and successfully litigated his civil rights claims to final judgment in his favor did not have standing to challenge these attorney fee restrictions on equal protection grounds, as allegedly violating his fundamental right of access to courts. U.S.C.A. Const.Amends. 5; 42 U.S.C.A. § 1988(b); Civil Rights of Institutionalized Persons Act, § 7(d)(1), as amended, 42 U.S.C.A. § 1997e(d)(1).

**14. Constitutional Law ⊙213.1(2)**

Under rational basis review, statutory classifications are accorded a strong presumption of validity, and must be upheld from equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for classification. U.S.C.A. Const.Amends. 5, 14.

**15. Constitutional Law ⊙213.1(2)**

Under rational basis review, government need not provide evidentiary support for its legislative classifications, and may rely upon conjecture in order to uphold statute from equal protection challenge; challenging party bears heavy burden of negating every conceivable basis which might support statute, whether or not that basis has any foundation in record. U.S.C.A. Const.Amends. 5, 14.

JACKSON v. STATE BD. OF PARDONS AND PAROLES    2344

**16. Constitutional Law ☞213.1(2)**

Under rational basis review of equal protection challenge, it is irrelevant that Congress did not specify the purpose behind legislative classification.    U.S.C.A. Const. Amends. 5, 14.

**17. Federal Courts ☞830**

Court of Appeals reviews award of attorney fees by district court only for abuse of discretion.

**18. Civil Rights ☞300**

Civil rights attorney fee provision, even as limited in its application in prisoner lawsuits by section of the Prison Litigation Reform Act (PLRA), permitted prisoner who had successfully litigated his civil rights claims to final judgment to recover attorney fees that he incurred in litigating his right to attorney fees; statutory language was sufficiently broad to permit such fees on fees. 42 U.S.C.A. § 1988(b); Civil Rights of Institutionalized Persons Act, § 7(d)(1), as amended, 42 U.S.C.A. § 1997e(d)(1).

———

Appeals from the United States District Court for the Northern District of Georgia.

Before ANDERSON and WILSON, Circuit Judges, and OWENS *, District Judge.

---

* Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of Georgia, sitting by designation.

1. Although "the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is so unjustifiable as to be violative of due process." *United States v. Perez-Hernandez,* 672 F.2d 1380, 1385 (11th Cir.1982) (per curiam) (internal quotation marks omitted). There-

WILSON, Circuit Judge:

Coleman Jackson appeals the district court's order granting in part and denying in part his motion for attorney's fees and his supplemental application for attorney's fees pursuant to 42 U.S.C. § 1988(b), and the *Prison Litigation Reform Act of 1995* (PLRA), 42 U.S.C. § 1997e(d). Jackson contends that § 1997e(d) does not govern his motion for attorney's fees and his supplemental application for attorney's fees, because his 42 U.S.C. § 1983 action challenged the length of his confinement and not "prison conditions" within the meaning of § 1997e(a). Alternatively, he contends that § 1997e(d) violates his right to equal protection under the due process clause of the Fifth Amendment.[1]    The State Board of Pardons and Paroles cross-appeals, contending that the court erroneously awarded Jackson fees-on-fees, or attorney's fees incurred in the course of litigating his petition for attorney's fees. These three arguments present issues of first impression in this Circuit.    For the reasons set forth below, we affirm.

## BACKGROUND

On August 4, 1999, Jackson was convicted of aggravated assault and sentenced to twenty years of imprisonment with five years to serve in prison and fifteen years of probation.[2]    As of August 25, 1996, the date Jackson committed the assault, a prisoner convicted of aggravated assault was required to serve a minimum of one-third of his prison term before becoming eligible for a parole

---

fore, "a classification [that] is invalid under the Equal Protection Clause of the Fourteenth Amendment ... is also invalid under the Due Process Clause of the Fifth Amendment." *Id.* (internal quotation marks omitted).

2. Jackson did not appeal his conviction and sentence.

2345        JACKSON v. STATE BD. OF PARDONS AND PAROLES

hearing before the board.    *See* O.C.G.A. § 42–9–45(f).  On December 9, 1997, however, the board amended its policy to provide that a prisoner convicted on or after January 1, 1998 of certain crimes, including aggravated assault, must serve a minimum of ninety percent of his term before becoming eligible for a parole hearing.  The board applied its ninety-percent policy retroactively—that is, the board applied the new policy to all convictions entered on or after January 1, 1998 even if the underlying criminal conduct occurred before January 1, 1998.  Thus, under the new policy, the board postponed the date of Jackson's initial parole eligibility hearing.

After his requests to reconsider his parole eligibility were denied twice by the board and once by Georgia's Superior Courts Sentence Review Panel, Jackson filed a joint motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a complaint for damages pursuant to § 1983.  He alleged that by applying the new policy to his offense the board retroactively increased his punishment in violation of the Ex Post Facto Clause of the United States Constitution.  The magistrate judge recommended that the district court dismiss his habeas corpus petition without prejudice for lack of exhaustion of administrative remedies, dismiss his claim for damages under § 1983, and permit his claim for equitable relief under § 1983 to proceed.  Jackson subsequently filed objections to the report and recommendation and incorporated a motion for equitable judgment therein.

The district court adopted the magistrate judge's report and recommendation and, after conducting an evidentiary hearing, granted Jackson's motion for equitable judgment, permanently enjoined the board from enforcing the new policy against Jackson, and ordered the board to provide Jackson with an initial parole eligibility hearing within forty-five days of the order.  As a result, the board held a hearing and subsequently notified the court that it granted Jackson parole.[3]

Thereafter, pursuant to § 1988(b), Jackson filed the instant motion for attorney's fees in the amount of $34,875 and costs in the amount of $335.21, for a total award of $35,210.21.  The board objected to his motion and asserted that because Jackson filed a § 1983 claim "with respect to prison conditions," 42 U.S.C. § 1997e(a), the motion for attorney's fees and costs should be governed by § 1997e(d) of the PLRA.[4]  Thereafter, Jackson filed a reply brief and a supplemental application for attorney's fees incurred while litigating the underlying motion in the amount of $2375.

The district court concluded that (1) § 1997e governed Jackson's underlying § 1983 claim and thus his motion for attorney's fees, because the underlying claim challenged "prison conditions" within the meaning of § 1997e(a); (2) § 1997e(d)'s fees restrictions do not violate the equal protection component of the Fifth Amendment; and (3) § 1997e(d) permits a prevailing plaintiff to recover fees-on-fees.  Thus, pursuant to § 1988 and § 1997e(d), the court granted in part and denied in part Jackson's motion for attorney's fees and costs and his supplemental application for attorney's fees.[5]  Jackson appeals the court's application of

---

3.  The board also announced its intent to review the parole eligibility of 2200 similarly situated prisoners throughout Georgia.

4.  The board raised the applicability of the PLRA to this litigation for the first time in its objection to Jackson's motion.

5.  Specifically, the court awarded Jackson attorney's fees in the amount of $9194.82, and costs in the amount of $113.96, for a total award of $9308.78.

§ 1997e(d) to his motion for attorney's fees and his supplemental application for attorney's fees,[6] and the board cross-appeals, challenging Jackson's supplemental attorney's fees award as impermissible fees-on-fees. *See id.* § 1997e(d)(1)(A) (prohibiting attorney's fees that are not "directly and reasonably incurred in proving an actual violation of the plaintiff's rights").

## DISCUSSION

### I. Applicability of § 1997e(d)[7]

[1, 2] Under § 1988(b), a district court may, in its discretion, award reasonable attorney's fees to a successful § 1983 plaintiff. *See id.* § 1988(b).[8] Accordingly, neither party disputes that, as a successful § 1983 plaintiff, Jackson may receive reasonable attorney's fees under § 1988. *See id.* The parties disagree, however, on the applicability of § 1997e(d) to Jackson's underlying § 1983 claim and thus his motion for attorney's fees. *See id.* § 1997e(d)(1) (restricting attorney's fees awards authorized under § 1988 "[i]n any action brought by a prisoner"). Jackson contends that § 1997e(d) is not applicable to his motion for attorney's fees, because his § 1983 action challenged the length of his confinement and not "prison conditions" within the meaning of § 1997e(a). The board alleges that because Jackson's § 1983 action was "brought by a

prisoner," § 1997e(d) is applicable to his motion for attorney's fees.

[3, 4] "We begin our construction of section 1997e[ (d) ] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."[9] *Harris v. Garner,* 216 F.3d 970, 972 (11th Cir.2000) (en banc), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). Section 1997e(d) provides,

> (1) In *any action brought by a prisoner* who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under [42 U.S.C. §] 1988 .... such fees shall not be awarded, except to the extent that—
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 ... and
>
> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C. § 1997e(d)(1)(A)-(B) (footnotes omitted) (emphasis added). Here, we must determine the meaning of the phrase "any

---

6. Jackson does not appeal the district court's award of costs.

7. "We review *de novo* issues of statutory interpretation." *United States v. Fischer,* 168 F.3d 1273, 1276 n. 7 (11th Cir.1999), *aff'd,* 529 U.S. 667, 120 S.Ct. 1780, 146 L.Ed.2d 707 (2000).

8. Section 1988(b) provides in relevant part that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

9. As we frequently have stated, "[w]hen the import of words Congress has used is clear ... we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." *CBS Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1222 (11th Cir.2001) (alterations in original) (internal quotation marks omitted). Moreover, "we must presume that Congress said what it meant and meant what it said." *Id.* (internal quotation marks omitted).

2347    JACKSON v. STATE BD. OF PARDONS AND PAROLES

action brought by a prisoner" to decide whether § 1997e(d) applies to Jackson's underlying § 1983 action and thus his motion for attorney's fees and his supplemental application for attorney's fees.

[5]  "In the absence of a statutory definition of a term, we look to the common usage of words for their meaning." *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir.2001) (internal quotation marks omitted).  Often, courts look to dictionary definitions to ascertain the common usage of words.  *Id.* at 1223.  The dictionary definition of the word "action" is "a legal proceeding by which one seeks to have a wrong put right; lawsuit." *Webster's New World College Dictionary* 14 (Michael Agnes et al. eds., 4th ed.1999); *see also Black's Law Dictionary* 28 (Bryan A. Garner et al. eds., 7th ed.1999) (defining "action" as "[a] civil or criminal judicial proceeding").

Furthermore, Congress chose "an expansive modifier—the word 'any'—instead of a restrictive one." *CBS Inc.*, 245 F.3d at 1223; *see also United States v. Gonzales*, 520 U.S. 1, 5, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) ("Read naturally, the word 'any' has an expansive meaning...").  We previously stated that "the adjective any is not ambiguous; it has a well-established meaning." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1337 (11th Cir.1999) (en banc) (internal quotation marks omitted).  Therefore, without any language to limit the significance of this modifier, "any means all." *CBS Inc.*, 245 F.3d at 1223 (internal quotation marks omitted).  Hence, the phrase "any action" covers a lawsuit challenging the length of an inmate's confinement.

[6]  Additionally, we have held that the term "brought," as used in subsections (a)

and (e) of § 1997e, means filed.  *See Harris*, 216 F.3d at 974 (interpreting the term "brought" as used in § 1997e(e)'s "[n]o federal civil action shall be brought" language to mean filed); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (interpreting the term "brought" as used in § 1997e(a)'s "[n]o action shall be brought" language to mean filed).  Normally, identical words that appear in various parts of the same act are meant to have the same meaning.  *See Atl. Cleaners & Dyers v. United States*, 286 U.S. 427, 433, 52 S.Ct. 607, 76 L.Ed. 1204 (1932) ("[T]here is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning.").  Thus, the term "brought" as used in § 1997e(d)'s "[i]n any action brought" language means filed.  *See* 42 U.S.C. § 1997e(d)(1).

Finally, we need not resort to common usage to determine the meaning of the term "prisoner" in § 1997e(d), because Congress defined that term as it is used within § 1997e as follows: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 42 U.S.C. § 1997e(h).  As Jackson was convicted of aggravated assault and sentenced to twenty years of imprisonment, he is a prisoner within the meaning of § 1997e(h).

Therefore, it is apparent that § 1997e(d)'s phrase "any action brought by a prisoner" means all lawsuits that are filed by a prisoner and is not restricted to lawsuits challenging "prison conditions" that are filed by a prisoner.  Accordingly, § 1997e(d) applies to Jackson's underlying § 1983 action and thus his motion for attorney's fees and his supplemental application for attorney's fees.[10]

10.  The district court concluded that § 1997e(d)

governed Jackson's underlying § 1983 action

## II.  Equal Protection [11]

[7, 8]  Jackson contends that § 1997e(d) violates his right to equal protection under the Fifth Amendment by restricting the attorney's fees awards of prisoners while permitting other litigants to recover full attorney's fees awards.[12]  Although we previously have not addressed the constitutionality of § 1997e(d), several of our sister circuits have addressed this issue and found § 1997e(d) in its entirety, or its various subsections, constitutional.  *See Foulk v. Charrier,* 262 F.3d 687, 704 (8th Cir.2001) (concluding that § 1997e(d)(2) survives rational basis review); *Walker v. Bain,* 257 F.3d 660, 670 (6th Cir.

2001) (concluding the same), *cert. denied,* 535 U.S. 1095, 122 S.Ct. 2291, 152 L.Ed.2d 1050 (2002); *Hadix v. Johnson,* 230 F.3d 840, 847 (6th Cir.2000) (concluding that § 1997e(   ) survives rational basis review); *Boivin v. Black,* 225 F.3d 36, 46 (1st Cir.2000) (concluding that § 1997e(d)(2) survives rational basis review); *Madrid v. Gomez,* 190 F.3d 990, 995–96 (9th Cir.1999) (finding that § 1997e(d) passes constitutional muster).  *But see Collins v. Montgomery County Bd. of Prison Inspectors,* 176 F.3d 679, 686 (3d Cir.1999) (en banc) (declining to rule upon the constitutionality of § 1997e(d)(3) because the court was divided equally on the issue).[13]

11.  "We review the constitutionality of a federal statute *de novo." United States v. Jackson,* 111 F.3d 101, 101 (11th Cir.1997) (per curiam).

12.  Section 1997e(d) provides,

> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel.
>
> (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988.

42 U.S.C. § 1997e(d)(2)-(4).

13.  While none of the courts of appeals that have addressed the constitutionality of § 1997e(d) have found it unconstitutional. one district court found § 1997e(d) unconstitutional.  *See Johnson v. Daley,* 117 F.Supp.2d 889, 893 (W.D.Wis.2000) (finding no rational relationship between § 1997e(d)'s classification and the government's interests).

and his motion for attorney's fees, because the underlying action challenged "prison conditions" within the meaning of § 1997e(a).  Section 1997e(a) provides that "[n]o action shall be brought with respect to *prison conditions* under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).

Although Congress included the term "prison conditions" in three of § 1997e's subsections, *see id.* § 1997e(a), (c)(1), (f)(1), it did not include that term in the remaining subsections, *see id.* § 1997e(d)(1), (e), (g), (h).  Clearly, Congress knew how to specify "prison conditions" and purposefully chose where to do so and where not to do so.  *See In re Griffith,* 206 F.3d 1389, 1394 (11th Cir.2000) (en banc) (noting that "[w]here Congress knows how to say something but chooses not to, its silence is controlling" (alteration in original) (internal quotation marks omitted)).  As Congress did not specify "prison conditions" in the subsection addressed in this appeal, § 1997e(d), we render no decision as to whether Jackson's § 1983 claim challenges "prison conditions" within the meaning of § 1997e(a).  Nevertheless, we affirm the district court's judgment, because § 1997e(d) applies to all lawsuits that are filed by a prisoner.  *See Gaston v. Bellingrath Gardens & Home, Inc.,* 167 F.3d 1361, 1363 n. 1 (11th Cir.1999) (per curiam) ("[W]e may affirm the district court's judgment on any ground that finds support in the record" (internal quotation marks omitted).).

2349    JACKSON v. STATE BD. OF PARDONS AND PAROLES

We conclude, like our sister circuits, that § 1997e(d) is constitutional.

[9, 10] Generally speaking, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate [governmental] interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The level of scrutiny is heightened, however, "[i]f a fundamental right or a suspect class is involved." *Gary v. City of Warner Robins*, 311 F.3d 1334, 1337 (11th Cir.2002). As prisoners are not a suspect class, heightened scrutiny is not warranted on that basis. *Rivera v. Allin*, 144 F.3d 719, 727 (11th Cir.1998). Jackson contends, however, that § 1997e(d)'s attorney's fees restrictions violate the fundamental right of access to the courts by discouraging attorneys from taking prisoners' civil rights cases.

[11–13] Without question, "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). To have standing to seek relief under this right, however, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or ... impeded." *Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (footnote omitted). As Jackson was represented by counsel and was successful in his § 1983 action, he does not have standing to seek relief under the right of access to the courts. *See Boivin*, 225 F.3d at 43 n. 5 (noting that a

prisoner who was represented by counsel and won his claim did not have standing to seek relief under the right of access to the courts). Thus, Jackson has not demonstrated a violation of a fundamental right, and, therefore, heightened scrutiny is not warranted on that basis.

[14, 15] As § 1997e(d) does not involve a suspect class nor infringe upon a fundamental right, we review its constitutionality under the rational basis test. *See Gary*, 311 F.3d at 1338. Under rational basis review, a classification within a statute "is accorded a strong presumption of validity," and we must uphold the statute "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (internal quotation marks omitted). The government is not required to provide evidentiary support for its classifications and may rely upon conjecture. *Hadix*, 230 F.3d at 843. Thus, Jackson bears the heavy burden of "nega-ti[ng] every conceivable basis which might support [the statute], whether or not the basis has a foundation in the record." *Rodriguez ex rel. Rodriguez v. United States*, 169 F.3d 1342, 1350 (11th Cir.1999) (internal quotation marks omitted).

[16] Under this highly deferential standard, we conclude that § 1997e(d) survives rational basis review. Apparently, by enacting § 1997e(d), Congress intended to decrease "marginal or trivial lawsuits." [14] *Hadix*, 230 F.3d at 845; *see also Walker*, 257 F.3d at 668–69; *Boivin*, 225 F.3d at 45;

---

14. It is irrelevant that Congress did not specify its purpose in making the classification. *See Heller*, 509 U.S. at 320, 113 S.Ct. 2637 ("[A] legislature that creates these categories need not actually articulate at any time the purpose or rationale supporting its classification" (internal quotation marks omitted).); *see also Boivin*, 225

F.3d at 44 n. 6 (citing the legislative history of the PLRA as evidence of Congress's goals); *Harris*, 216 F.3d at 977 & n. 5 (citing floor statements of the PLRA's principal architects to determine Congress's intent because the PLRA was enacted "as a rider to an appropriations bill" (internal quotation marks omitted)).

*Madrid,* 190 F.3d at 996. Before the fee cap, there was nothing to dissuade attorneys from "adopt[ing] a 'shotgun' approach, filing numerous claims in the hopes that at least a minor violation would likely be found, [thus] assuring the recovery of attorneys fees." *Hadix,* 230 F.3d at 845. By lowering the fees recoverable for a successful claim, "a rational attorney [is likely to] demand a greater likelihood of success before taking a prisoner's case." *Id.*

Additionally, by decreasing frivolous claims, "Congress could also ... be seeking to protect the state and federal treasuries, from which the majority of prisoner civil rights awards are paid." *Id.* In light of the "shotgun" approach many attorneys utilized before the fee cap, "Congress could have rationally concluded that [such] prisoner civil rights litigation leads to attorney fees which are often disproportionate to the harm or injury. Thus, by reducing the number of marginal, albeit meritorious claims, some government resources would be preserved." *Walker,* 257 F.3d at 669.

As Jackson has failed "to negat[e] every conceivable basis which might support" § 1997e(d), we must conclude that § 1997e(d) survives rational basis review. *Rodriguez,* 169 F.3d at 1350 (internal quotation marks omitted).[15]

### III.  Fees–on–Fees [16]

[17, 18]  On cross-appeal, the board contends that the district court erred in award-

ing Jackson fees-on-fees, because the fees-on-fees were not "directly and reasonably incurred in proving an actual violation" of Jackson's rights. 42 U.S.C. § 1997e(d)(1)(A). Although we have not addressed whether § 1997e(d)(1) permits a prevailing § 1983 plaintiff to recover fees-on-fees, the Third and Fifth Circuits have concluded that fees-on-fees are recoverable under § 1997e(d)(1). *See Volk v. Gonzalez,* 262 F.3d 528, 536 (5th Cir.2001); *Hernandez v. Kalinowski,* 146 F.3d 196, 200–01 (3d Cir.1998). We agree.

Section 1988(b) permits reasonable attorney's fees "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983," 42 U.S.C. § 1988(b), and § 1997e(d)(1)(A) permits attorney's fees for "proving an actual violation of the plaintiff's rights," *id.* § 1997e(d)(1)(A). It is well-settled that fees-on-fees are permitted under § 1988 even though Congress did not explicitly provide for fees-on-fees therein. *Hernandez,* 146 F.3d at 200; *see also Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir.1985) ("[A] prevailing party's counsel is entitled to reasonable compensation when he litigates his own claim for entitlement to § 1988 fees."). As Congress has not "express[ed] an intent to change th[is] established construction," we will continue to follow that construction. *Volk,* 262 F.3d at 536 (internal quotation marks omitted).

---

15.  Jackson also contends that § 1997e(d)'s application has a disparate impact on African American males, because they represent the majority of persons incarcerated in our prisons. As Jackson has not demonstrated any evidence of discriminatory intent, we find that this claim lacks merit. *See Parks v. City of Warner Robins,* 43 F.3d 609, 616 (11th Cir.1995) (requiring "[p]roof of racially discriminatory intent or purpose ... to show a violation of the Equal Protection Clause" (internal quotation marks omitted)). He further contends that § 1997e(d) violates his right to counsel

under the Sixth Amendment. As this issue was not raised before the district court, we decline to address it on appeal. *See United States v. S. Fabricating Co.,* 764 F.2d 780, 781 (11th Cir. 1985) (per curiam) ("Generally, an appellate court will not consider a legal issue or theory raised for the first time on appeal.").

16.  "We review an award of attorney's fees by the district court only for an abuse of discretion." *Johnson v. Breeden,* 280 F.3d 1308, 1326 (11th Cir.2002).

2351          JACKSON v. STATE BD. OF PARDONS AND PAROLES

Therefore, as § 1988(b)'s language permitting fees-on-fees does not differ significantly from § 1997e(d)(1)(A)'s language, we join our sister circuits in concluding that fees-on-fees are recoverable under § 1997e(d). *See id.; Hernandez,* 146 F.3d at 200–01.

### CONCLUSION

Thus, we conclude that § 1997e(d) applies to Jackson's underlying § 1983 action and thus his motion for attorney's fees and his supplemental application for attorney's fees. Furthermore, we find that § 1997e(d)'s attorney's fees restrictions survive rational basis review. Finally, we conclude that fees-on-fees are recoverable under § 1997e(d)(1)(A). Accordingly, we AFFIRM.

A True Copy - Attested:
Clerk U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia