ORIGINAL

 
 
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| COLEMAN JACKSON, | : | |
|  | : | |
| Petitioner, | : | |
|  | : | CIVIL ACTION |
| vs. | : | NO. 2:01-CV-068-WCO |
|  | : | |
| STATE BOARD OF PARDONS AND | : | |
| PAROLES and THE DEPARTMENT | : | |
| OF OFFENDER REHABILITATION | : | |
| OF THE STATE OF GEORGIA, | : | |
|  | : | |
| Respondents. | : | |

## ORDER

The captioned case is before the court on remand from the Eleventh Circuit
Court of Appeals.

Petitioner initiated a civil rights action in this court pursuant to 42 U.S.C. §
1983 in which this court invalidated a parole eligibility policy implemented by the
Georgia Board of Pardons and Paroles. The court awarded petitioner attorney's
fees, subject to the restrictions set forth in the Prison Litigation Reform Act. 42
U.S.C. § 1997e(d). Petitioner appealed, contending that section 1997e(d) did not
apply in his case. Respondents cross-appealed, asserting that petitioner should not
have been entitled to fees-on-fees. The Eleventh Circuit affirmed this court's
decision as to both issues. Jackson v. State Bd. of Pardons and Paroles, 331 F.3d 790



(11th Cir. 2003). Petitioner made a motion for appellate attorney's fees that was granted by the Eleventh Circuit to the extent that petitioner successfully litigated respondents' cross-appeal. Jackson v. State Bd. of Pardons and Paroles, No. 02-15545-AA (11th Cir. Jul. 11, 2003). That court remanded the matter for determination of the amount of fees to which petitioner is entitled.[1]

Pursuant to the Eleventh Circuit's order, petitioner is hereby ordered to show cause as to the amount of attorney's fees and costs to which he is entitled for successfully defending respondents' cross appeal. That filing is due within ten days of the date of this order. Respondents shall have ten days from the date of petitioner's filing to respond. If necessary, petitioner may file a reply to any response if done within ten days of the date of that filing.

IT IS SO ORDERED, this 25th day of March, 2004.

William C. O'Kelley
Senior United States District Judge

---

[1]The court notes that it does not usually wait eight months before acting on remand orders from the court of appeals. However, the clerk's office for this court maintains that it did not receive notice of the remand until March 17, 2004. Accordingly, the undersigned was unaware of the need for any action until that date.

AO 72A
(Rev.8/82)