ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Gainesville

APR 1 4 2004

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

COLEMAN JACKSON,      \*   CIVIL ACTION FILE
              \*   NO. 2:01-CV-068-WCO
  Petitioner,      \*
              \*
v.            \*
              \*
GEORGIA PARDONS & PAROLE  \*
BOARD           \*
              \*
  Respondent.      \*

DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR FEES

STATEMENT OF THE CASE

Plaintiff originally filed this case as a *Writ of Habeas Corpus* and complaint for damages. (R-1). Plaintiff complained that the retroactive application of a discretionary policy by the Board of Pardons and Parole amounted to a violation of the *ex post facto* clause to the United States Constitution. (R-1). Defendant filed a motion to dismiss based upon Plaintiff's failure to exhaust, the Eleventh Amendment to the United States Constitution, and based upon the Board of Pardons and Paroles not being a person within the meaning of 42 U.S.C. § 1983. (R-5). Adopting the Magistrate's recommendation, the District Court dismissed all claims except the claim for injunctive relief under 42 U.S.C. § 1983. (R-6, 8). The Court heard evidence on the claim for injunctive relief and granted

1

38

Plaintiff partial relief. (R-16, 17) This order was not appealed by either party. (R-17).

Plaintiff filed a motion for attorney's fees based upon his partial success. (R-18). Plaintiff sought $34,875.00 at a rate of $250.00 per hour in his initial motion for fees. (R-18). Defendant objected to Plaintiff's motion and argued that the case was controlled by the Prison Litigation Reform Act. (R-21). Plaintiff responded arguing the Prison Litigation Reform Act is inapplicable and supplemented his request for fees seeking an additional $2,375.00 for his time spent on responding Defendant's objection. (R-23). The Court, finding the Prison Litigation Reform Act applicable, awarded Plaintiff $9,308.78. This included $1,283.50 for the 9.5 hours spent preparing his fee petition and responding to Defendant's objections. (R-24).

Plaintiff filed an appeal claiming that the Prison Litigation Reform Act should not apply to this case. (R-26). After Plaintiff filed his appeal, Defendant filed a cross-appeal challenging the District Court's award of fees for litigating the attorney's fees issue.(R-28). Plaintiff lost his appeal. After the judgment was affirmed, Plaintiff filed a motion with the Eleventh Circuit seeking attorney's fees for defending the cross appeal. The Eleventh Circuit determined that the

Plaintiff could obtain fees for the appeal but remanded the issue to this Court for a determination of the amount of fees.

### ARGUMENT AND CITATION OF AUTHORITY

#### PLAINTIFF'S FEE REQUEST IS EXCESSIVE AND DISPROPORTIONATE

Defendant submits that Plaintiff's request for $3,442.50 for litigating a cross-appeal is excessive and disproportionate to the issues. It seems important to note that Jackson lost his appeal. Jackson initiated the appeal and only after Jackson filed the appeal did the Board file the cross-appeal on a related issue.

While Defendant has been unable to find a case on point, the situation in this case seems akin to a situation where a Plaintiff goes to trial, prevails, but obtains no relief. Here Jackson filed the appeal and received no benefit from the result. Arguably, Jackson may have achieved a small moral victory by prevailing on the cross appeal, but in reality is no better off than he was when he filed the appeal. This Court has repeatedly held that when there is no real victory there is no entitlement to fees under 42 U.S.C. § 1988. *See* Canup v. Chipman-Union, Inc., 123 F.3d 1440 (11th Cir. 1997); Salvatori v. Westinghouse Elec. Corp., 190 F.3d 1244 (11th Cir. 1999); Barnes v. Broward County Sherriff's Office, 190 F.3d 1274 (11th Cir. 1999).

According to Jackson, he spent a total of 25.5 hours on the cross appeal while spending a total of 43 on the main appeal. The cross-appeal involved a small issue that was thoroughly briefed before this Court. In fact this Court has already awarded Jackson $1,283.50 for litigating the same issue. Jackson revealed no new analysis but rather echoed the argument of this Court. This is excessive and should not be allowed.

Jackson also seeks to recover all time spent in drafting his reply brief, preparing for argument and arguing the case despite the fact that all of these matters involved both issues in the appeal and cross-appeal. This totals 13.5 hours. It is Jackson's burden to demonstrate that his hours are justified. Because Plaintiff repeatedly combines potentially appropriate time with unrecoverable time, he has not met this burden. His time keeping is simply not specific enough to establish and justify the number of hours spent on legitimate activity with limited success. *See* Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). All hours that do not demonstrate specific reasonable activity should be disallowed or, at the very least, cut substantially. *See* Id. Jackson also seeks to recover 3 hours for argument. The argument in the case took thirty minutes and this case was argued first on the calendar. Jackson's counsel works/resides inside the perimeter in Atlanta, Georgia and

4

offers no explanation as to the 3 hour time expenditure. This should be disallowed.

"[E]xcessive, redundant, or otherwise unnecessary hours" should be excluded." Norman, supra. This concept is equivalent to "billing judgment" wherein a lawyer may not be compensated for hours spent on activities for which he would not bill a client. Id. Thus, a litigant is entitled to fees for "an effective and completely competitive representation but not one of supererogation." Grendel's Den, Inc., v. Larkin, 749 F.2d 945, 953 (1st Cir. 1984). Where an attorney spends "inordinately large numbers of hours analyzing the briefs of his opponents, researching and drafting briefs . . ., and preparing for oral argument", the fees should be reduced. Id.

In addition, the Court noted in its 9/10/02 order setting the amount of fees to be paid that it, "is reluctant to confer such an award in this case...". Presumably, this reluctance was based upon the amount of money sought compared to the success obtained. Applying this reluctance to the amount of fees sought for defending the cross appeal where Jackson received no additional benefit and actually is billing almost three times the amount he was defending, it should be clear that this additional request is excessive.

## THE PLRA REQUIRES A REDUCTION OF THE AWARD

The PLRA further provides that no attorneys' fee shall be awarded to a "prisoner who is confined to any jail, prison, or other correctional facility" in an action seeking redress for unconstitutional prison conditions unless:

> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under 1988 of this title; and
> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C.A. §1997e(d).[1]

As noted above, the fee request violates part (B)(ii) of the PLRA. It also violates Part (2) of this same provision. Part (2) provides in relevant part that "...If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." Id.

This provision limits Defendant's responsibility for attorneys' fees to 150 percent of the monetary award received.

---

[1] Prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law . . . ." 42 U.S.C.A. §1997e(h).

6

Since the only issue involved in the cross appeal was the fees incurred while litigating the attorney's fee issue, the Defendant's responsibility for the fees should be limited to 150 percent of the dollar amount that was being litigated. Plaintiff was awarded $1,282.50 by this Court for preparing and defending the petition for attorneys' fees. While Defendants take the position the 150 percent of this amount is still excessive and disproportionate to the benefit obtained Plaintiff's fee award should, at a minimum be reduced to 150 percent of this amount for a total of $1,923.75.

**CONCLUSION**

**WHEREFORE**, for the forgoing reasons, Defendant respectfully requests that the Jackson's Petition for Award of Attorney's fees be drastically reduced or completely disallowed.

7

Respectfully submitted, this _13_ day of April, 2004.

THURBERT BAKER      033887
Attorney General

KATHLEEN M. PACIOUS    558555
Deputy Attorney General

JOHN C. JONES      401250
Senior Assistant Attorney
General

DEVON ORLAND      554301
Assistant Attorney General

8

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing pleading, prior to filing the same **OBJECTION TO PLAINTIFF'S MOTION FOR FEES**, by depositing a copy thereof in the United States Mail, properly addressed upon:

> McNeill Stokes
> 1040 Peachtree Battle Ave.
> Atlanta, Georgia 30334

This 13 day of April, 2004.

DEVON ORLAND
SSISTANT ATTORNEY GENERAL

9