ORIGINAL

Copies served
By Courtroom Deputy

FILED IN CHAMBERS
5/5/04
Luther D. Thomas, Clerk
D. Wood DSC
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF GEORGIA
GAINESVILLE DIVISION

COLEMAN JACKSON,      :
                      :
     Petitioner,      :
                      :     CIVIL ACTION
vs.                   :     NO. 2:01-CV-068-WCO
                      :
STATE BOARD OF PARDONS AND   :
PAROLES and THE DEPARTMENT   :
OF OFFENDER REHABILITATION   :
OF THE STATE OF GEORGIA,     :
                      :
     Respondents.     :

## ORDER

The captioned case is before the court on remand from the Eleventh Circuit Court of Appeals for a determination of the amount of attorney's fees to which petitioner is entitled for successfully defending the state's cross-appeal [35-1]. The court gave both the parties a chance to be heard on the issue.

Petitioner initiated this action and successfully invalidated a parole eligibility policy implemented by the Georgia Board of Pardons and Paroles as unconstitutional ex post facto legislation.  He was awarded attorney's fees, including "fees-on-fees," pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e.  Petitioner appealed this court's decision that the award of attorney's fees was subject to the limitations imposed by the PLRA, and

39

the respondents appealed this court's decision that petitioner was entitled to "fees-on-fees" - - fees incurred in the course of litigating a petition for attorney's fees. The Eleventh Circuit affirmed this court's order in its entirety and held that petitioner was entitled to attorney's fees for his successful defense of respondents' cross appeal. That court remanded the case to the undersigned for a determination of the proper amount of that fee award.

Petitioner's counsel submitted a brief to this court in which he contends he spent 25.5 hours in defense of respondents' arguments on the cross appeal. Respondents initially argue that petitioner should not be entitled to any fees at all, a position clearly foreclosed by the Eleventh Circuit's holding to the contrary. Respondents then contend that some of that time, specifically the amount spent preparing petitioner's reply brief and arguing the case before the Eleventh Circuit, includes time spent on the issues related to the direct appeal, for which petitioner is not entitled to an award of fees.

Among the hours petitioner claims, he asserts that he spent six hours researching fees-on-fees and drafting his reply brief, two-and-a-half hours revising and proofreading his reply brief, four-and-a-half hours re-reading cases and outlining his oral argument, and three hours getting to the Eleventh Circuit and arguing the case. He also documents two-and-a-half hours during which he "checked form and revised reply brief and uplinked electronic filing with Richard

Brady printed and filed reply brief at Eleventh Circuit." [Doc. 36]. The court is not entirely sure what that last entry entails but will assume it is all time associated with petitioner's reply brief.

A review of the reply brief petitioner filed in the court of appeals reveals that of the thirteen pages of substantive argument, only two-and-a-half are devoted to the fees-on-fees issue. Accordingly, the court will reduce the eleven hours claimed for work on the reply brief to four hours. The court will reduce the time spent re-reading the cases and outlining the oral argument from four-and-a-half hours to two hours, as at least part of that time must have been spent on issues related to the direct appeal. And finally, the court will not allow the three hours petitioner claims for his transportation to the Eleventh Circuit and the actual oral argument. That time became necessary when petitioner filed his direct appeal and would have been expended regardless of whether respondents filed a cross appeal. In conclusion, the court will deduct twelve-and-a-half hours from the twenty-five-and-a-half that petitioner claimed, resulting in a total award of thirteen hours. Those will be paid at a rate of $135.00 per hour for a total award of $1,755.00. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED, this ___5th___ day of May, 2004.

William C. O'Kelley
Senior United States District Judge

3